**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

_____ X

KIM MORTIMER,

60 91ST STREET CORPORATION

                                    :      **INDEX:**

                Petitioners,     :

                                   :

           -against-         :

                                   :      **WRIT OF MANDAMAS WITH**

BANKRUPTCY JUDGE SHELLEY CHAPMAN  :      **TEMPORARY RESTRAINING ORDER**

BANKRUPTCY TRUSTEE HEIDI J SORVINO  :

U.S. MARSHAL OFFICE

                Respondents,

------------------------------------------------------------

       **UPON THE ANNEXED AFFIDAVIT OF KIM MORTIMER,** sworn to the 29th day

of January 2021, the exhibits annexed thereto,

       **LET PLAINTIFF SHOW CAUSE** before me or another Justice of the Federal District

Court at the Courthouse on 500 Pearl Street Thurgood Marshall Building Room _____ Southern

District of New York  State of New York, on the _____ of January 2021 at _____ AM/PM  of

that day or soon thereafter as counsel may be head why an ORDER should not be made:

1. **Staying the petitioners February 5 2021 eviction**

2. Investigate "bad faith" criminal conduct of the Respondents, their abuse of the law and
   the Judicial System.

3.  Setting aside and vacating the Judge Shelley Chapman's Decision and Order of the Bankruptcy Court dated, evicting the Petitioner and her family from their Rent Stabilized Unit which notably was in direct contravention of New York Housing Laws.

4.  Judge Shelley Chapman's decision and order is outside the Jurisdiction of the Bankruptcy Courts

5.  Terminating the instant bankruptcy proceeding because the Respondents have disingenuously submitted false and misleading statements to the Courts.

6.  Terminating the instant bankruptcy proceeding because the Respondents have disingenuously submitted false and misleading documents to the Courts.

7.  Terminating the instant bankruptcy proceedings because the respondents are not "disinterested persons as that phase is defined in section 101(14) of the Bankruptcy Code.

8.  Upon information and belief. respondents have connections to, holds and represents an interest in adverse to the Plaintiff and/or estate of the Plaintiff which is a direct contravention of the law.

9.  These false documents and statements which were known by the respondents to be false and/or misleading, was relied upon as fact by the Courts, and has adversely affected the outcome of the instant bankruptcy case.

10. Terminating the instant bankruptcy proceedings because the actions of the Respondents was contrary to the principles of law representing a complete defect in the proceedings.

11. Terminating the instant bankruptcy proceedings because of the Courts failure to comply with established rules of practice and procedures.

12. Upon such findings sanctioning the Respondents and/or revoking their licenses from further practice.

13. These false documents and statements which were known by the respondents to be false and/or misleading, was relied upon as fact by the Courts, and has adversely affected the outcome of the instant bankruptcy case.

14. Terminating the instant bankruptcy proceedings because the actions of the Respondents was contrary to the principles of law representing a complete defect in the proceedings.

15. Terminating the instant bankruptcy proceedings because of the Courts failure to comply with established rules of practice and procedures.

16. Upon such findings sanctioning the Respondents and/or revoking their licenses from further practice.

17. Granting the petitioner Kim Mortimer such and other and further relief as this court deems just, proper and appropriate under all of the circumstances herein

It is further

**ORDERED BY THIS COURT**, that pending the hearing and decision of this motion, enforcement of Judge Shelley Chapmans  Date January 22, 2021, is hereby **STAYED** and the Respondents in this action may not enforce same until a final determination on the instant application before this court is made.


**NOW, SUFFICIENT CAUSE HAVING BEEN ALLEGED APPEARING BEFORE ME THEREFORE**, let service of a copy of this Order, and the papers upon which it is signed, upon Heidi Sorvino Esq  White and Williams 7 Times Square New York New York 10036, Judge Shelley Chapman Bankruptcy Court Southern District of New York 1 Bowling Green

New York New York 10004 and the U.S Marshal Service 500 Pearl Street Suite 400 New York,

NY 10007 be deemed service good and sufficient.


Dated: New York, New York
January 29, 2021


**E N T E R:**


_____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____ X

KIM MORTIMER,

60 _ 91ST STREET CORPORATION

                                            :      **INDEX:**

                         Petitioners,     :

                                              :

                     -against-        :

                                            :      **AFFIDAVIT IN SUPPORT**

BANKRUPTCY JUDGE SHELLEY CHAPMAN  :

BANKRUPTCY TRUSTEE HEIDI J SORVINO  :

U.S. MARSHALOFFICE

                         Respondents,

---------------------------------------------------------

       KIM MORTIMER, being sworn, deposes and says to be true and correct under the penalties of perjury, the following:

1. I am the Petitioner in this action and have complete knowledge of the facts of this case and submit this Writ of Mandamus /Prohibition against Bankruptcy Judge Shelley Chapman, Bankruptcy Trustee Heidi J Sorvino Esq. and The U.S. Marshals Office with respect to Bankruptcy Case Index: 20-civ-10338.

2. I make this affidavit in support of the instant application for the Writ of Mandamus/Prohibition, which seeks an Order:

3. **Staying the petitioners February 5 2021 eviction of the Petitioner.**

4. Investigate "bad faith" criminal conduct of the Respondents, their abuse of the law and the Judicial System.

5.  Setting aside and vacating the Judge Shelley Chapman's Decision and Order of the Bankruptcy Court dated November 19 2020, evicting the Petitioner and her family from their Rent Stabilized Unit.

6.  Notably this was in direct contravention of New York Housing Laws and the current Federal, State, and Citywide Moratoriums that mandates a stay on all residential evictions.

7.  Judge Shelley Chapman's decision and order was outside the Jurisdiction of the Bankruptcy Courts

8.  Terminating the instant bankruptcy proceeding because the Respondents have disingenuously submitted false and misleading statements to the Courts.

9.  Terminating the instant bankruptcy proceeding because the Respondents have disingenuously submitted false and misleading documents to the Courts.

10. Terminating the instant bankruptcy proceedings because the respondents are not "disinterested persons as that phase is defined in section 101(14) of the Bankruptcy Code.

11. Upon information and belief. respondents have connections to, holds and represents an interest in adverse to the Plaintiff and/or estate of the Plaintiff which is a direct contravention of the law.

12. These false documents and statements which were known by the respondents to be false and/or misleading, was relied upon as fact by the Courts, and has adversely affected the outcome of the instant bankruptcy case.

13. Terminating the instant bankruptcy proceedings because the actions of the Respondents was contrary to the principles of law representing a complete defect in the proceedings.

14. Terminating the instant bankruptcy proceedings because of the Courts failure to comply with established rules of practice and procedures.

15. Granting the petitioner Kim Mortimer such and other and further relief as this court deems just, proper and appropriate under all of the circumstances herein.

I, Kim Mortimer, brings this petition against Bankruptcy Court Judge Shelley Chapman the Bankruptcy Court chapter 11 trustee Heidi J. Sorvino and the U.S. Marshals Office. I seek an order to annul Judge Chapmans Order to evict the petitioner and her family from their rent stabilized unit.

## JURISDICTION AND VENUE

16. The United States District Court for the Southern District of New York, has subject matter jurisdiction over this petition under All Writs Act.

## PARTIES

17. Kim Mortimer is petitioner (1), is the Debtors sole shareholder and currently resides at 60 West 91st Street Apartment A New York City New York 10024.

18. 6091ST Street Corporation petitioner (2) and the debtor in the bankruptcy case. It is also a New York domestic business corporation, incorporated under the laws of New York, and is the owner of the real property located at 60 West 91st Street New York 10024.

19. Heidi Sorvino is the appointed as the Bankruptcy Chapter 11 Trustee for the Debtor's bankruptcy estate.

20. Judge Chapman is the Bankruptcy Magistrate Judge presiding over the bankruptcy case which is referred to the Bankruptcy Court by the District Court.

## FACTUAL BACKGROUND

**Pre-Petition Background**

21. In 2015 Kim Mortimer created a corporate entity 60 91st Street Corporation.

22. Kim Mortimer operated the business of renting, leasing; entering into various professional transactions and executed loan documents with various lenders.

23. On or about 2015 Kim Mortimer entered into a mortgage with Scott Grodsky and 2386 Hempstead Inc for 1.4 Million Dollars.

24. On November 16th, 2017 Kim Mortimer failed to pay the Lender/Secured Creditor because she realized that the Lender/Secured Creditor and his co-conspirators defrauded her of no less than five hundred thousand dollars. ($500,000).

25. On November 16th 2017 the Lender started a foreclosure action against the Petitioner (2), under index 850274/2017.

26. The Petitioners never received a default notice in favor of the Lender on or about December 2017.

27. On or about May 2019 the petitioners instructed Shaw and Binder PC to vacate the 2017 default judgement so that her claims of financial fraud and usury against the lender and his co-conspirators could be heard.

28. The petitioner was unsuccessful in vacating the judgement and on December 9, 2020 the State Court entered a Decision and Order on Motion, Judgement of Foreclosure and Sale.

29. On December 20, 2019 The Debtor filed a Notice of Appeal with the State Court challenging the order.

**Post-Petition Background**

30. On February 4, 2020, Kim Mortimer filed a non-individual voluntary chapter 11 reorganization bankruptcy petition with the Bankruptcy Court for company reorganization.

31. On February 27, 2020 the Lender filed a proof of claim for $3,016,316.05. The Lender failed to provide a copy of an alleged September 2016 Note.  This document never existed but was fabricated by the secured lender/creditor 2386 Hempstead Inc.

32. On April 30, 2020, The Bankruptcy Court Judge Chapman, from the bench, removed Kim Mortimer from managing and operating her property and also removed the petitioner's representative attorney Charles Higgs Esq. from representing the petitioners.

33. Ms. Sorvino was appointed as the Bankruptcy Chapter 11 Trustee on or about April 28 2020

34. On or about May 5 2020 the petitioner objected to the appointment of the chapter 11 trustee on the grounds that her Constitutional and Civil Rights were violated.

35. Specifically, because she was not given due process notice that her **only** source of income would be stopped and removed from her.

36. The matter is currently under Appeal in District Court with Hon. Lorna G. Schofield Index:  20-civ-4032.

37. Notably, the respondents are not "disinterested persons as that phase is defined in section 101(14) of the Bankruptcy Code.

38. Upon information and belief. respondents have connections to, holds and represents an interest in adverse to the Plaintiff and/or estate of the Plaintiff, specifically owners that won the bid and purchased the estate at auction on December 9th 2020.  This is a

direct contravention of the law.

39. Notably, the petitioner's and petitioner's attorney were removed during the height of the 2020 worldwide Coronavirus Pandemic.

40. From the start the relationship between the respondents was an adversarial one.

41. On May 2 2020 Ms. Sorvino, along with the secured creditor principle Scott Grodsky of 2386 Hempstead Inc, came to the petitioners home like *"Gestapo Agents"* and demanded to search each unit.

42. This was done under the color of law albeit without a search warrant or order from the Courts to search the contents therein each unit, including the unit where Kim Mortimer was living and had her personal belongings therein.

43. This illegal action violated the petitioner's Constitutional and Civil Rights.

44. It was also troubling to see that Ms. Sorvino was in direct communication with the secured creditor's principle, Scott Grodsky and not his attorney, even though he was being represented by counsel at that time.

45. The petitioner did hear the Bankruptcy Trustee Heidi Sorvino tell Mr. Grodsky that she would get him the most money possible in a sale of the property, that she was doing this for over 30 years and for him not to worry.

46. The petitioner did observe an obvious "conflict of interest" between the Chapter 11 Trustee, the Lender and the interest of the estate of Petitioner (2).

47. The Chapter 11 Trustee's appointment was not in the best interest of the estate.

48. Ms. Sorvino and the Lender drilled locks off doors and damaged the locks on the door of her apartment.

49. Ms. Sorvino via Aaron Klein, one of her brokers, order all the locks on the property

changed.

50. Ms. Sorvino did not provide the petitioner keys to the unit she was living and had her personal belongings in.

51. Ms. Sorvino also changed the locks of Ms. Mortimer Rent Stabilized apartment on or about January 27th 2020.  Ms. Sorvino did not give the petitioner a keys to the apartment and consequently Ms. Mortimer was locked out of her apartment for two days.

52. This was illegal and in direct contravention of the current State, Federal and City eviction stay moratoriums and NY rent stabilization laws.

53. On January 27 2021, the petitioner called 911 to report the incident of the illegal lockout.

54. On May 2nd Kim Mortimer called the police to prevent further violations.

55. On May 3rd Ms. Mortimer filed a complaint with the 24th Pct. against Ms. Sorvino and the Lender//creditor 2386 Hempstead Inc, Scott Grodsky.

56. On or about May 18 2020 the petitioner reported this action to the Bankruptcy Court Judge Shelley Chapman.

57. Judge Chapman disregarded the incident and stated on the record that the petitioner was entitled to her opinion and *"version"* of what transpired on May 2nd 2020.

58. On or about June 2020 the petitioner emailed several documents to Ms. Sorvino substantiating the fraudulent activities of the secured lender/creditor 2386 Hempstead Inc. and his co-conspirators.

59. Ms. Sorvino would later tell the Courts that petitioner was being uncooperative and that she (Ms. Sorvino) had not received **any** documents from the petitioner to date.

60. This was false.

61. The petitioner also filed the same documents directly to the Bankruptcy Courts via their email platform.

62. Judge Chapman would later purport that she had seen nothing in the record substantiating the fraudulent activities of the secured creditor 2386 Hempstead Inc. and his co-conspirators.

63. For reasons unknown, Judge Chapman, has refused to address the petitions and complaints against the secured lender/creditor 2386 Hempstead Inc. and his co-conspirators, and the Chapter 11 Trustee, Heidi Sorvino.

64. Indeed, Judge Chapman stated on about July 2020 that she would not entertain the petitioner's complaints of fraud and usury against the lender.

65. On or about July 2020 the Chapter 11 Trustee filed a motion for the compel the petitioner handover certain items of the debtor's estate specifically her rent stabilized apartment as well as keys to her private apartment – referenced as "other property" of the corporate estate.

66. The petitioner did not comply because after respondent Sorvino came and violated her constitutional rights petitioner Mortimer felt threatened and did not feel safe in her own home.

67. Judge Chapman then ordered the Petitioner to $4000 for the use and occupancy for the unit, plus a $200 a day sanctioning fee for being in Contempt of Court.

68. There was never any trial to determine the validity of the false accusations that were personally being lodged against the petitioner to vilify her character to the Courts.

69. Instead Judge Chapman has ordered the petitioner to vacate her rent stabilized

apartment on February 5 2021.

70. Additionally, Judge Shelley Chapman has repeatedly attempted to intimidate the petitioner.

71. Specifically, by telling the petitioner that she (Judge Chapman) is a *"Federal Judge"* who has the power to send the U.S. Federal Marshal to evict and arrest the petitioner on her orders, from her rent stabilization apartment.

72. This is incorrect. Respectfully, Judge Chapman is not a life tenured Judge. She is not an Article 3 Judge. She is not a Federal Judge as is understood under our Constitution. She cannot flaunt powers to use U.S. Federal Marshal's Office. I say this because I have read the law. The laws that the US Marsh will only execute the orders of the U.S. District Courts, the United States Court of Appeal, The Court of international Trade, and the US Tax Code. Please see 28 U.S.C 566. The Bankruptcy Court is not a U.S. Court as defined here under section 566. She does not have the power to instruct Marshalls to evict people from their home.

73. Only District Court Judges have the power to direct U.S. Federal Marshals. Judge Chapman can only recommend.

74. The Bankruptcy Courts are not Courts of the United States. Because Bankruptcy Court Judges do not enjoy life tenure. I hereby exercise my right to be heard by an Article 3 Judge.

75. Because my property rights have been taken away in denial of due process 5th Amendment. Judge Chapman should know that the Constitution did not come out of Bankruptcy Court. The Bankruptcy Court came out of the U.S. Constitution. My Due Process rights, my rights to property is given by the Constitution, not by the

Bankruptcy Court.  This Bankruptcy Court Judge cannot rule over my Constitutional

Rights.  I have a right to be heard by a Constitutional Judge. I know Judge Chapman

Champ is not a Constitutional Judge that she has proclaimed to be!

76. Judge Chapman boasted of using a U.S. Marshall several times over the course of the

instant bankruptcy hearing.  I am not sure how this can be allowed.  My impression

now after reading the law is Bankruptcy Judges are Magistrate Judges and they can

only make suggestion to the real District Court and nothing more!

77. I also want the district court to take over my case because I am raising important

points and moreover, my Constitutional Rights have been abrogated.

78. Judge Chapman is abusing and improperly using the power of her appointment.

79. This is usurpation of the Judicial Powers of the United States.  She could only make a

recommendation to the District Court.  She cannot direct a U.S. Marshall by herself.

*Case Law Northern Pipeline Construction Company v Marathon Pipeline Company,*

*458 U.S. 50 (1982).*

80. Such power to take over someone's property can only be exercised by a Federal

Judge.

81. On or about November 2020, the respondents attempted to circumvent the NYS,

NYC Rent Stabilization and Housing Laws to evict the petitioner from her rent

stabilized unit instead of going through the proper Housing Court venue which is

standard in New York.

82. This was done despite the federal state and city-wide eviction stay moratoriums

which are currently being enforced nationwide.

83. It is my understanding after reading the executive orders with regards to evictions in

NY, any person attempting to enforce an eviction at this point in time would be in direct contravention of the law.

84. Bankruptcy Judges don't issue eviction orders directing U.S. Federal Marshals to evict occupants from residential dwellings.  Especially ones that are protected under the Rent Stabilization Laws.

85. The respondents are to follow the State Laws under 28. U.S.C 959.

86. State Law has given the petitioner protection to Central Government also applies to eviction.

87. The rights to the property at any stage of proceedings is determined by the State Law.

88. This is precisely what the Supreme Court say in the Case _Butler v United States 440 U.S. 48 (1979)_

89. On January 22nd 2021. The Judge Chapman stated that the Bankruptcy code preempts the State Law against eviction.

90. But there is no pre-emption because there is no conflict. Rather the Bankruptcy Code instructs the Trustee to follow Section 28 U.S.C § 939 rather the Federal tells the Trustee to follow the State Law.

91. On January 22 2021, Judge Chapman stated on record saying that the State Law is pre-empted by the Bankruptcy Code, and moreover, they are not bonded by the State Law.

92. However, since there is no conflict, therefore there is no pre-emption.  There is no conflict, so the issue of pre-emption doesn't arise.  Rather the Federal Law embraces the State Law pursuant to 28 U.S.C § 939.

93. Both the Trustee and Judge Chapman exceeded their Jurisdiction by improperly displacing the State Law Protections given to NY Rent Stabilized tenants.

94. Notably, Judge Chapman did not talk about this Provision.

95. My tenancy right to be in the property is decided by the State Law.  And the State Law is clear that there will be no eviction, rather U.S.C. Title 28 §959. Mandates that the Trustee follow the State Law.

96. The NY State Laws applies against foreclosures, eviction, and equally applies to Trustee pursuant to U.S.C. Title 28 §959.  It is incredible where a Constitutional Judge would be scared of disturbing the State Law.  This Magistrate Judge, who is an assistant to the District Court has the strong audacity to violate Federal Legal Principles.  Even Bankruptcy Court Codes does not create special property rights it just follows the State Law.

97. According to the Bankruptcy Chapter 11 Trustee Ms. Sorvino's complaint against the lender/secured creditor 2386 Hempstead Inc. there was a foreclosure proceeding which was defective on its face and as such the case should have been eviscerated by default.  (See Bankruptcy Adversary Proceedings 20-civ-10338 Docket

98. Also, very interestingly, on the one side the Trustee is saying the only secured creditor has no claim to the property.  Then he does have a secured claim to the property.

99. If there no secured lender there is no secured creditor.

100.    If that is the scene this Bankruptcy Case should be dismissed.  I am improperly subjected to liquidation.  Thr legal fees of the Trustee is not reason enough to liquidate the petitioner's estate.  I have been and currently being denied due process.

101.    Even Bankruptcy Code is subjective to due process.  Due process is not a dog's whistle that only dogs listen.  Due Process is a process that everyone will understand.

Due process is not just a notice it is also a check to unfair deprivation.

102.    There are only unsecured creditors all of which in the past have allowed the petitioner to set up agreements to pay down the debt via an installment payment plan.

103.    Pursuant to the Trustee's complaint, there is no lender. If there is no lender, there is no creditor.  The lender does not have a proper claim, then there is no creditor.

104.    I don't need to post any bond for the Temporary Restraining Order because the building itself is much more valuable, and pursuant to the Trustee herself there is not secure claim on the property.

105.    This bankruptcy is being used as a corrupt tool to make money by this Trustee, the Judge and her Lawyers because one side she is claiming there is no secure claim and the proceedings were defective due to fraud.  The other side she claiming the petitioner owe money to the lender.

106.    There is no best interest in the estate!

107.    On November 24, 2020 at a hearing with Judge Chapman, Ken Gross Esq. an attorney who was appointed by Courtney Mortimer, brother of Kim Mortimer, pointed out, to Judge Chapman that he found *inter alia* the 2386 Hempstead Inc's (lender's documents) were extremely troubling on their face.

108.    Specifically, no incumbency certificate had been filed by the Lender and the documents which were filed to substantiate the foreclosure proceedings were defective.  Specifically, the September 2016 Loan documents, which the Foreclosure proceeding was basis for initiating the foreclosure action against the petitioners.

109.    This document wasn't filed because it never existed.   These facts were also pointed out in the Chapter 11 Trustees Complaint.

110.    This was another Red Herring!

111.    No attorney should close a loan for a lender and disburse money without going to the register of companies and confirming for himself that the borrower is validly existing and in good standing.

112.    It appears on the record that the attorney for the secured creditor 2386 Hempstead Inc. and the Lender are in a conspiracy.  Specifically, that the lender gave authorization to lend money to the petitioners, because the lender didn't care about the valid existence of the company because the secured creditor wasn't planning to get repaid, the lender was looking to foreclose and pick up the property for pennies on the dollar.

113.    As for all the reasons set forth the instant bankruptcy case should be dismissed as a matter of law.

114.    Ms. Sorvino has gone on record to say that it's OK for a corporation who's been administratively dissolved to continue acting and doing business.

115.    On or about November 30th Ms. Sorvino filed a complaint against the 2386 Hempstead Inc. who was listed as a secured creditor of Bankruptcy Case 20-civ-10338.

116.    In Ms. Sorvino's complaint she purported that to have found 11 counts of fraud against the secured lender, 2386 Hempstead Inc.

117.    Ms. Sorvino in her complaint against the secured lender, 2386 Hempstead Inc that also recapitulated these facts and submitted a motion to vitiate both the initial foreclosure action, the Appeal and the Bankruptcy proceedings due to what she opined were eleven counts of fraud against the secured lender, 2386 Hempstead Inc.

118.   Yet Judge Chapman stated on the record that Ms. Sorvino's complaint was "just a technical" judicial matter of which the petitioners were still liable for the "unsecured" claims of the lender

119.   How this could be so when the basis of the claims were fraudulent is questionable.

120.   Ultimately, Judge Chapman dismissed Mr. Gross' claims but never clarified the basis of her ruling nor did she rule on the merits of his objection.

121.   Additionally, after the petitioner had filed numerous documents directly to the Courts, on January 22, 2021 Judge Chapman stated "there was nothing that she was aware of based on her extensive view of the case ".Furthermore,  "The process was a good one, proceeded in good faith and at arm's length and in good faith".  I can't see how that statement is possible, unless there are other unidentified actors what are pretending to be Judges in this case.

122.   Additionally, during January 6th hearing Judge Chapman stated on the record that she would act as a mediator between the Lender, Ms. Sorvino and her Counsel James Vandermark and Ronald Terenzi, Counsel for 2386 Hempstead Inc.

123.   They did not disclose the time or place of the telephone mediation telephone conference to discuss how to distribute the cost of the charges but decided in private off the record.  The petitioner was not invited nor was she privy to the mediation talks.  Indeed, the Chapter 11 Trustee Heidi Sorvino request that Judge Chapman ask the petitioner to disengage from the telephonic "public" hearing to prevent the petitioner from hearing the plans.

124.   For these reasons and for reasons and the others which I have mentioned, I believe there to be a conflict of interest which is not in the best interest of the petitioners

estate; and as such I request this case to be transferred to the District Courts.

125.    This bankruptcy process had not been conducted in good manner and at arm's length.

126.    If the lender is not proper as Ms. Sorvino has purported, then there is no secured creditor in the bankruptcy case.  If there is no secured creditor there is no bankruptcy case, and the case by default should be dismissed.

127.    Under the Statutes of 28 U.S.C. Section 959 TRUSTEE AND JUDGE SUEABLE.  The Judge and the Trustee are supposed to follow the State Law Section (b) which states:

128.    "Except as provided in section 1166 of title 11, a trustee, receiver or manager appointed in any cause pending in any court of the United States, including a debtor in possession, shall manage and operate the property in his possession as such trustee, receiver or manager according to the requirements of the valid laws of the State in which such property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof."

129.    The U.S. Marshalls Office is to provide proper security and obey execute and enforce all orders of the US District, the US Courts of Appeals, the Court of International Trade, and the U.S. Tax Code.  Please see 28 U.S. C Section 566. Bankruptcy Court is not the U.S. District Court as mentioned here.

130.    Section 132 of Title 28 it does not create Bankruptcy Court.

131.    Bankruptcy Court is not Courts of the United States.  It is a defined term.

132.    Even if my property had to be sold it cannot be sold for $3.1 million because is

worth twice that amount!

133.   One final item that I would like to bring to the Courts attention which shows how this bankruptcy case has been corrupted.

134.   My neighbor submitted a bid of $3.3 million in a timely manner. Yet his offer at the December 9 2020 Auction was rejected.  This was because the Chapter 11 Trustee was colluding with the other bidder who won the bid even though his offer was higher. This is yet another example of many irregularities in this case. Judge Chapman stated that my neighbor had lost his bid because he had submitted it after that deadline.  This was false. According to the bidding instructions a prospective bidder was allowed to submit a bid at any time up to the closing, which to date (1/26/21) had not happened!

135.   When my neighbor's attorney tried to explain how his client not only had submitted his bid on time but was technically within the guidelines of submitting his offer, as per the Trustee's own bidding guidelines. Judge Chapman improperly shut him out of the court on Jan 22 2021.   This is the state of affairs in Bankruptcy Court.

**PRAYER FOR RELIEF WHEREFORE,** petitioner seeks:

1.  Cancelling Judge Chapman's the order directing the U.S. Marshal to evict the petitioner.

2.  An injunction staying the petitioner's February 5 2021 eviction.

3.  Setting aside and vacating the Judge Shelley Chapman's Decision and Order of the Bankruptcy Court dated November 9 2020, evicting the Petitioner and her family from their Rent Stabilized Unit which notably was in direct contravention of New York Housing Laws.

4. Terminating the instant bankruptcy proceedings because the actions of the Respondents was contrary to the principles of law representing a complete defect in the proceedings.

5. Terminating the instant bankruptcy proceedings because of the Courts failure to comply with established rules of practice and procedures.

6. Please also remove my case from the Bankruptcy Court and moved to Federal District Court, Southern District and decide three issues:

   a. Does Bankruptcy have the power to use U.S. Marshal without permission from the District Court.

   b. Also decide if Bankruptcy Judges are not supposed to follow the State Laws especially protection given under State Law to Rent Stabilized Apartments

   c. Also if turnover preempts the rights to my right to my property.

   d. Also decide if the Bankruptcy Court control the 5th Amendment Rights.

   e. Cancel the sale of my property,

7. Granting the petitioner Kim Mortimer such other and further relief as this court deems just, proper and appropriate under all of the circumstances herein.

Dated:  New York, New York
          January 29, 2021

Respectfully submitted

_____/s/ KIM MORTIMER_____
Kim Mortimer
60 West 91st Street Apt A
New York, New York 10024