UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIM MORTIMER; 60 91ST STREET
CORPORATION,

                         Petitioners,

              -against-

SHELLEY CHAPMAN, Bankruptcy Judge;
HEIDI J. SORVINO, Bankruptcy Trustee; U.S.
MARSHAL OFFICE,

                       Respondents.

21-CV-0877 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

      Petitioner Kim Mortimer, appearing *pro se*, brings this application styled as a petition for

a  writ of mandamus.[1] Mortimer seeks an order from this Court directing the Bankruptcy Court,

among other things, to stay its January 22, 2021 order permitting Mortimer's eviction from

property owned by the 60 91st Street Corporation. Mortimer filed this action on February 1,

2021, and on the same day, she also appealed the January 22, 2021 order of the Bankruptcy

Court. The appeal was opened as a separate action, *In Re: 60 91st Street Corp.*, No. 21-CV-

00968 (ALC) (S.D.N.Y.).

      By order dated February 4, 2021, the Court granted Petitioner's request to proceed

without prepayment of fees, that is, *in forma pauperis*. For the following reasons, the Court

dismisses this action.

---

[1] Mortimer also lists the 60 91st Street Corporation as a Petitioner in this action, but it is
not represented by counsel, and a non-attorney cannot represent a corporation *pro se*.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

The following facts appear from this petition and other actions that Petitioner Kim Mortimer has filed in this Court. Mortimer organized the 60 91st Street Corporation ("the Corporation"), which owned a 9-unit building at 60 West 91st Street, New York, New York. In 2019, a state court ordered the foreclosure and sale of the building at 60 West 91st Street. The Corporation has pending Chapter 11 bankruptcy proceedings, *In re 60 91st Street Corp.*, No. 20-10338 (Bank. S.D.N.Y.), and the Bankruptcy Court appointed Heidi Sorvino as the Corporation's bankruptcy trustee. On May 9, 2020, Mortimer appealed the Bankruptcy Court's appointment of Sorvino, *see In re 60 91st Street Corp.*, No. 20-CV-4032 (LGS) (S.D.N.Y.), and that appeal remains pending.

On August 26, 2020, the Bankruptcy Court imposed sanctions on Mortimer, and she filed both an appeal from that order, which was opened as *In re: 60 91st Street Corp.*, 20-CV-7654 (PAE) (S.D.N.Y.), and a civil action seeking, among other things, to enjoin the Bankruptcy

Court from imposing sanctions, *Mortimer v. Grodsky*, No. 20-CV-8192 (LLS) (S.D.N.Y. Nov. 30, 2020) (dismissed).[2]

In this action, Mortimer indicates that she seeks to stay "enforcement of Judge Shelly Chapman's date January 22, 2021" order authorizing Mortimer's removal from the building. Mortimer also asks this Court to compel the Bankruptcy Court to terminate the bankruptcy proceedings.

In Mortimer's appeal filed on February 1, 2021, Mortimer states that she is appealing the Bankruptcy Court's "January 22, 2020 order granting the sale of the debtor estate and property located at 60 West 91st Street," which was entered on January 22, 2021. *See In re 60 West 91st Street Corp.*, No. 21-CV-0968 (ALC) (ECF No. 1).

## DISCUSSION

### A.    Mortimer Cannot Represent the Corporation

The statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). "Although § 1654 . . . recognizes that an individual generally has the right to proceed *pro se* with respect to his *own* claims or claims against him personally, [it] does not permit unlicensed laymen to represent anyone else other than themselves." *Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 132 (2d Cir. 2009) (internal quotation marks and citation omitted). Accordingly, a person who is not an attorney cannot assert claims in a federal court on

---

[2] That action was dismissed on the grounds that (1) Mortimer could not represent the corporation, and (2) the civil action duplicated the appeal of the Bankruptcy Court's order.

behalf of an artificial entity, such as a corporation. *See, e.g.*, *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993). This rule applies even when a corporation is wholly owned by a sole shareholder. *E.g.*, *Berrios*, 564 F.3d at 133 ("[W]e have held that a layperson may not represent a corporation of which he is the sole shareholder."). Thus, Mortimer cannot assert claims on behalf of the Corporation, even if she is the sole shareholder.

**B.       Mandamus Relief**

The federal district courts have jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Petitioner." 28 U.S.C. § 1361. Mandamus relief is, however, a drastic remedy that should be used only in extraordinary circumstances. *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980); *Kerr v. United States Dist. Court for the N. Dist. of Cal.*, 426 U.S. 394, 402 (1976).

To obtain mandamus relief, a petitioner must show that: "(1) no other adequate means [exist] to attain the relief [s]he desires, (2) the party's right to . . . the [relief] is clear and indisputable, and (3) the [relief] is appropriate under the circumstances." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (internal quotation marks and citation omitted, first alteration in original); *In re Ad Hoc Comm. of Tort Victims*, 327 B.R. 138, 141 (S.D.N.Y. 2005) ("[A]s a court sitting in a supervisory capacity over the bankruptcy court, this Court 'do[es] not ask [itself] whether [it] would have ruled in the same manner as did the [bankruptcy] court, but rather whether . . . Petitioners 'clearly and indisputably' demonstrate that the [bankruptcy] court abused its discretion.'")

Mortimer has not satisfied any of the elements for obtaining mandamus relief. *See Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) ("[T]he party seeking mandamus has the "burden of showing that its right to issuance of the writ is 'clear and indisputable.'"). First, Mortimer has already filed an appeal from the Bankruptcy Court order that she challenges, *In Re: 60 91st Street Corp.*,  No. 21-CV-00968 (ALC) (S.D.N.Y.), and she makes no argument that the appeal is inadequate to provide the relief that she seeks. Moreover, Mortimer has not pleaded facts showing that she has a "clear and indisputable" right to the relief that she seeks. Mandamus relief is thus not appropriate under the circumstances. The Court therefore denies the petition for a writ of mandamus.

**C.    Leave to amend**

District courts generally grant a *pro se* petitioner an opportunity to amend a pleading to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in this petition cannot be cured with an amendment, the Court declines to grant Petitioner leave to amend. Nothing in this order prevents Petitioner from pursuing her appeals of the Bankruptcy Court's orders.

## CONCLUSION

The petition for a writ of mandamus, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed.

SO ORDERED.

Dated:    February 5, 2021
          New York, New York

_____
              Louis L. Stanton
              U.S.D.J.